IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| POLLIN PATENT LICENSING, LLC; and AUTOSCRIBE CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>BB&T CORPORATION; BRANCH BANKING AND TRUST COMPANY; and BB&T FINANCIAL, FSB,<br><br>Defendants. | Case No. 1:11-CV-296<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS BB&T CORPORATION, BRANCH BANKING AND TRUST COMPANY, AND BB&T FINANCIAL, FSB'S ANSWER TO PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT**

Defendants BB&T Corporation, Branch Banking and Trust Company and BB&T Financial, FSB (collectively "Defendants"), by and through the undersigned attorneys, provide their Answer, Affirmative and Other Defenses, and Counterclaim to the Complaint of Plaintiffs Pollin Patent Licensing, LLC and Autoscribe Corporation ("Plaintiffs") as follows:

1. Defendants admit that this is a civil action in which Plaintiffs have alleged patent infringement. Defendants further admit that this Court has jurisdiction over the subject matter of this action. Defendants deny that they have committed any acts of infringement and otherwise deny any remaining allegations in paragraph 1 of the Complaint.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and, as such, deny the same.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and, as such, deny the same.

4. Defendants deny the allegations in paragraph 4 of the Complaint.

1

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and, as such, deny the same.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and, as such, deny the same.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and, as such, deny the same.

8. Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs assertion in paragraph 8 of the Complaint that "Autoscribe and PPL have standing to sue for infringement of the '171 patent because they collectively own all right, title and interest in and to the '171 patent and the Autoscribe processes and products covered by that patent, including the right to collect for past damages" and, as such, deny same. Defendants deny that they have committed any acts of infringement and that Plaintiffs have suffered any injury. Defendants otherwise deny any remaining allegations in paragraph 8 of the Complaint.

9. BB&T Corporation admits that it is a North Carolina corporation headquartered in Winston-Salem, North Carolina and has a registered agent in Raleigh, North Carolina. BB&T Corporation denies the remaining allegations contained in paragraph 9 of the Complaint.

10. Branch Banking and Trust Company admits that it is a commercial bank with locations in North Carolina, and has a registered agent in Raleigh, North Carolina. Branch Banking and Trust Company further admits that it provides banking products and services, which includes consumer loans, and that it is a wholly owned subsidiary of BB&T Corporation. To the extent a further response is required, Branch Banking and Trust Company denies the remaining allegations contained in paragraph 10 of the Complaint.

11.     BB&T Financial admits that it is a bank that does business in North Carolina, and that it has a business location in Columbus, Georgia. BB&T Financial further admits that it is a wholly owned subsidiary of BB&T Corporation and that it provides credit card services to customers. To the extent a further response is required, BB&T Financial denies the remaining allegations contained in paragraph 11 of the Complaint.

12.     BB&T Corporation specifically denies the allegations in paragraph 12 of the Complaint as they apply to BB&T Corporation. Branch Banking and Trust Company and BB&T Financial admit that they individually, or collectively, conduct credit card and loan business with, and provide payment processing services to, customers in North Carolina, and do so in part through call centers located in North Carolina, including Lumberton and Whiteville. To the extent a further response is required, Branch Banking and Trust Company and BB&T Financial deny the remaining allegations contained in paragraph 12 of the Complaint.

13.     Defendants admit that a payment system, known as PaymentXchange$^{TM}$, provided by Creative Payment Solutions, which has a location in Wilson, North Carolina and is a wholly owned subsidiary of BB&T Corporation, may be utilized by certain BB&T entities. BB&T Corporation specifically denies the allegations in paragraph 13 of the Complaint as they apply to BB&T Corporation.

14.     Defendants admit that this Court has personal jurisdiction over Defendants for this action. Defendants deny that they have committed any acts of patent infringement and deny that Plaintiffs are entitled to any recovery from Defendants. Defendants otherwise deny any remaining allegations in paragraph 14 of the Complaint.

15.     Defendants deny the allegations in paragraph 15 of the Complaint.

16.     Defendants deny the allegations in paragraph 16 of the Complaint.

US2008 3079067.2

17. Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and, as such, denies the same.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

## PLAINTIFFS' PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief requested in Plaintiffs' Prayer for Relief.

## GENERAL DENIAL

Except as explicitly admitted herein, Defendants deny each and every allegation contained in Plaintiffs' Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants allege and assert the following defenses in response to the allegations of Plaintiffs' Complaint, undertaking the burden of proof only on those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below and subject to its responses above, Defendants specifically reserve all rights to allege additional defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

22. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

23. Defendants do not infringe and are not infringing, have not induced and are not inducing others to infringe, and have not contributed to and are not contributing to the infringement of any valid and enforceable claim of the '171 Patent.

### THIRD AFFIRMATIVE DEFENSE

24. One or more claims of the '171 Patent are invalid for failure to meet the requirements set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

### FOURTH AFFIRMATIVE DEFENSE

25. Plaintiffs are estopped by virtue of prior art or due to conduct and representations to the United States Patent and Trademark Office from asserting infringement of the '171 Patent by Defendants.

### FIFTH AFFIRMATIVE DEFENSE

26. Plaintiffs' claim for damages, if any, against Defendants is statutorily limited by 35 U.S.C. §§ 286 and/or 287.

### SIXTH AFFIRMATIVE DEFENSE

27. Some or all of the Plaintiffs' claims are barred by one or more of the equitable doctrines of waiver, acquiescence, laches, and unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

28. Plaintiffs are not entitled to any form of injunction because Plaintiffs have not suffered and will not suffer irreparable harm because of Defendants' conduct, and Plaintiffs have an adequate remedy at law.

**EIGHTH AFFIRMATIVE DEFENSE**

29. BB&T Corporation is a holding company and therefore is not a proper party to this suit.

**NINTH AFFIRMATIVE DEFENSE**

30. Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

**COUNTERCLAIM**

Defendants/Counterclaim Plaintiffs BB&T Corporation, Branch Banking and Trust Company and BB&T Financial, FSB (collectively "BB&T" or "Defendants") assert the following Counterclaim against Plaintiffs/Counterclaim Defendants Pollin Patent Licensing, LLC and Autoscribe Corporation (collectively "Plaintiffs").

1. Defendants seek a declaration by this Court that no claims of U.S. Patent No. 7,117,171 ("the '171 patent") have been infringed by Defendants.

2. Defendants seek a declaration by this Court that the claims of the '171 patent are invalid.

**PARTIES**

3. Counterclaim Plaintiff BB&T Corporation is a North Carolina corporation headquartered in Winston-Salem, North Carolina. Counterclaim Plaintiff Branch Banking and Trust Company is a North Carolina corporation also headquartered in Winston-Salem, North Carolina and is a subsidiary of BB&T Corporation. Counterclaim Plaintiff BB&T Financial,

6

FSB is a federally chartered bank with a location in Raleigh, North Carolina, and is also a subsidiary of BB&T Corporation.

4. Upon information and belief, Counterclaim Defendant Pollin Patent Licensing, LLC purports to be a Florida limited liability company, with a place of business in Gaithersburg, Maryland, and Counterclaim Defendant Autoscribe Corporation purports to be a Maryland corporation with a principal place of business in Gaithersburg, Maryland.

## JURISDICTION AND VENUE

5. This Counterclaim arises under the patent laws of the United States, 35 U.S.C, § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 28 U.S.C. §§ 2201 and 2202.

7. By filing their Complaint, Plaintiffs have consented to the personal jurisdiction of this Court.

8. On January 6, 2012, the Court granted the parties' Joint Motion to Transfer Venue to the Eastern District of North Carolina Pursuant to 28 U.S.C. § 1404(a). Therefore appropriate venue for this Counterclaim is in the Eastern District of North Carolina.

## COUNT I

## DECLARATION OF NON-INFRINGEMENT

9. Defendants incorporate the allegations contained in Paragraphs 1-8 above, as though fully set forth herein.

10. Plaintiffs have alleged that Defendants have infringed one or more claims of the '171 patent.

11. Defendants deny that they have infringed or are infringing, have induced or are inducing others to infringe, or have contributed to or are contributing to the infringement of any claim of the '171 patent.

12. Thus, an actual, justiciable controversy exists between Defendants and Plaintiffs of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

13. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Defendants are entitled to a declaration by the Court that they have not infringed and are not infringing, have not induced and are not inducing others to infringe, and have not contributed to and are not contributing to the infringement of any claims of the '171 patent.

14. Defendants are entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT II

## DECLARATION OF INVALIDITY

15. Defendants incorporate the allegations contained in Paragraphs 1-8 above, as though fully set forth herein.

16. Plaintiffs have alleged that Defendants have infringed one or more claims of the '171 patent.

17. One or more claims of the '171 patent are invalid for failure to meet the requirements set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

18. Thus, an actual, justiciable controversy exists between Defendants and Plaintiffs of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

19. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Defendants are entitled to a declaration by the Court that one or more claims of the '171 patent are invalid.

20. Defendants are entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## PRAYER FOR RELIEF

Defendants respectfully request that this Court enter judgment in Defendants' favor and against Plaintiffs by granting the following relief:

a) a judgment in favor of Defendants denying all of Plaintiffs' relief requested in their Complaint in this action and dismissing Plaintiffs' Complaint with prejudice;

b) a declaration that Defendants have not infringed and are not infringing, have not induced and are not inducing others to infringe, and have not contributed to and are not contributing to the infringement of any claims of the '171 patent;

c) a declaration that the claims of the '171 are invalid;

d) a declaration that this case is exceptional under 35 U.S.C. § 285 and an award to Defendants of their costs and attorneys' fees incurred in this action; and

e) further relief as the Court may deem just and proper.

## JURY DEMAND

Defendants hereby respectfully demand a jury trial of all issues triable to a jury in this action.

This 6th day of January, 2012.

/s/ Steven Gardner

Steven Gardner (NC Bar 20984)
Jon R. Pierce (NC Bar 36383)

9

**KILPATRICK TOWNSEND & STOCKTON LLP**
1001 West Fourth Street
Winston-Salem, North Carolina 27101
(336) 607-7300
(336) 607-7500 (fax)
Email: sgardner@kilpatricktownsend.com
Email:  jpierce@kilpatricktownsend.com

Stephen E. Baskin
**KILPATRICK TOWNSEND & STOCKTON LLP**
607 14th Street, NW
Washington, DC  20005
(202) 508-5800
(202) 508-5858 (fax)
Email:  sbaskin@kilpatricktownsend.com

*ATTORNEYS FOR DEFENDANTS* BB&T *CORPORATION, BRANCH BANKING AND TRUST COMPANY AND BB&T FINANCIAL, FSB*

10

US2008 3079067.2

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 6, 2012, I electronically filed the foregoing **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the follow individuals:

Brady James Fulton
Northup, McConnell & Sizemore
123 Biltmore Avenue
Asheville, NC  28801
Email:  bjf@northupmcconnell.com


      /s/ Steven Gardner

11